## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **OBERMAYER REBMANN MAXWELL & HIPPEL LLP** **500 Grant Street, Ste. 5240** **Pittsburgh, PA 15219,** | : : : : : : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **Case No.** |
| **JOHN H.C. WEST, III, and** **RESTORATIVE** **PROGRAMMING, INC.** **49 Kingwood Avenue** **Frenchtown, NJ 08825-1022,** | : : : : : : | |
| **and** | : : | |
| **FAST TRAK INVESTMENT COMPANY LLC,** **1250 Waters Place, Ste. 706** **Bronx, NY 10461,** | : : : : : | |
| **and** | : : | |
| **RJC FUNDING, LLC** **27 June Street** **Closter. NJ 07624,** | : : : : | |
| **Defendants** | : | |

---

## INTERPLEADER COMPLAINT

Plaintiff, Obermayer Rebmann Maxwell & Hippel LLP hereby files this Complaint for Interpleader pursuant to 28 U.S.C. § 1335 and in support of thereof states as follows:

## I.  PARTIES

1

1.  Plaintiff Obermayer Rebmann Maxwell & Hippel LLP (hereinafter "Plaintiff" or "Obermayer") is a limited liability partnership with an office located at 500 Grant Street, Ste. 5240, Pittsburgh, PA 15219.

2.  Defendants John H.C. West, III and Restorative Programming, Inc.    (hereinafter "RPI") are clients of Obermayer. RPI is a New Jersey business corporation wholly owned by West. Both West and RPI are located at 49 Kingwood Avenue, Frenchtown, NJ 08825-1022. They will hereinafter be collectively referred to as the "West Defendants".

3.  Upon information and belief, Defendant Fast Trak Investment Company LLC (hereinafter "Fast Trak") is a business entity with its principal place of business at 1250 Waters Place, Ste. 706, Bronx, NY 10461.

4.  Upon information and belief, Defendant RJC Funding LLC (hereinafter "RJC") is a business entity with its principal place of business at 27 June Street, Closter. NJ 07624.

5.  Defendants Fast Trak and RJC will hereinafter be collectively referred to as the "Lender Defendants".

## II. JURISDICTION AND VENUE

6.  Jurisdiction is appropriate under 28 U.S.C. § 1335 because Obermayer holds funds of $500 or more in its client trust account and claimants of diverse citizenship claim to be entitled to such funds.

7.  Obermayer will deposit such funds into Court upon the entry of the attached proposed order pursuant to F.R.C.P. 67.

### III. CLAIM FOR RELIEF

8.   While engaged in other litigation against third parties (hereinafter the "Underlying Litigation"), the West Defendants entered into various agreements with the Lender Defendants entitled "Assignment, Sale, Springing Assignment & Equitable Lien Agreement" (hereinafter the "Agreements"). The purpose of the Agreements to fund Defendant West's personal expenses during the pendency of the Underlying Litigation.

9.   Obermayer represented the West Defendants in the Underlying Litigation.

10. Following the conclusion of the Underlying Litigation, the terms of which are confidential, West instructed Obermayer not to transfer funds from its client trust account on his behalf to repay the Lender Defendants pursuant to the Agreements and that he believes he is entitled to some or all of such funds.

11. As an innocent stakeholder of the funds in dispute, Plaintiff has no interest in the funds, but is uncertain to whom it is liable for the money held.  Because both the West Defendants and the Lender Defendants claim ownership of the subject funds, Plaintiff is subject to multiple suits and the possibility of multiple liability, all of which can be avoided by the court making a determination as to the claims of the respective parties to the subject funds.

12. Plaintiff has no other means of protecting itself against multiple litigation. As a result, Plaintiff has been forced to file this Interpleader Action to have the issue decided and has incurred attorney's fees and costs for which it is entitled to be reimbursed as a result thereof.

13. There are no other parties known to Plaintiff that might claim to have an interest in the interpleader funds.

WHEREFORE, Plaintiff Obermayer respectfully requests that the Court accept this Interpleader Complaint and enter judgment as follows:

a)  The Court require Defendants to answer herein and be required to interplead together concerning their claims to the sum of money in dispute.

b)  The Court is respectfully requested to receive the deposit and delivery of the disputed funds.

c)  Plaintiff respectfully requests discharge from liability as to all claims to the said funds, and that the Court make a determination between the Defendants and any other interested parties as to their rights to the subject funds.

d)  Plaintiff also respectfully request that it be reimbursed, from the funds interplead herein, all of its reasonable attorneys frees and cost expended in connection with this Interpleader action and be awarded any other relief as the Court may deem proper.

Respectfully submitted,

OBERMAYER REBMANN MAXWELL &
HIPPEL LLP

Date: January 16, 2015

*/s/Bruce C. Fox*
 Bruce C. Fox, Esquire
Pa. ID. No. 42576
*bruce.fox@obermayer.com*
Andrew J. Horowitz, Esquire
Pa. ID. No. 311949

4

*andrew.horowitz@obermayer.com*
BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219
(412) 566-1500
Fax (412) 566-1508