# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OBERMAYER REBMANN MAXWELL & HIPPEL, LLP, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-81 |
| v. | ) ) | Judge Cathy Bissoon |
| JOHN H.C. WEST, III, *et al.*, | ) ) | |
| Interpleader Defendants. | ) | |

## ORDER

The Fast Trak Defendants' Motion (Doc. 70) for Attorneys' Fees and Costs will be granted. The West Defendants' arguments in opposition are rejected for the same reasons as stated in Fast Trak's Memorandum in Support (Doc. 72) and Reply (Doc. 83), the contents of which are incorporated herein by reference. In short, the attorney-fee provisions in the parties' assignment-agreements are sufficiently broad to encompass the litigation before this Court. The West Defendants' suggestion that they did not breach the agreements is belied by both the Court's merits-rulings and commonsense. The same holds true of West's argument that Fast Trak was not a prevailing party. Finally, the West Defendants cannot properly escape the attorneys' fees provisions through a tortured reading of the agreements' integration clauses; each agreement was restricted to the transactions contemplated therein, and each contained the attorneys' fees provision.

Otherwise, Fast Trak's submissions establish the reasonableness of the hourly-rates requested (which counsel downwardly adjusted, of their own accord, to reflect the local market) and hours-worked. As to West's cursory assertion that certain of the billing-lines are duplicative

and excessive, Fast Track's counsel have responded, to the extent reasonably possible, and shown to the Court's satisfaction that the charges are proper. *See* Reply (Doc. 83) at 4-5. West's summary-listing of potential grievances (*see* Doc. 82-1) does not provide sufficient explanation, analysis and/or detail to warrant a line-by-line discussion. *Cf.* M.G. v. E. Reg'l High Sch. Dist., 2010 WL 2768606, *3 (3d Cir. July 14, 2010) (line-by-line reductions will not be granted "in the absence of specific objections from an adverse party"). It suffices to say that the Court, having carefully reviewed all of the billing submissions, determines that Fast Track's fee requests are adequately supported and reasonable. The same holds true of the requested litigation costs, none of which are challenged or disputed.

For all of these reasons, Fast Trak's Motion (**Doc. 70**) for fees and costs is **GRANTED**, and fees and costs are awarded, in favor of Fast Trak Investment Company LLC and RJC Funding, LLC and against John H.C. West, III and Restorative Programming, Inc., in the total amount of $**65,547.99**.

IT IS SO ORDERED.


December 30, 2016                                       s\Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record